UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOR TECHNOLOGY, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>MWR LIFE, LLC; YONI ASHUROV; and DOES 1-10,<br><br>         Defendants. | Case No.: 3:18-CV-2358 JLS (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 4) |

  Presently before the Court is Defendants MWR Life, LLC and Jonathon "Yoni" Ashurov's Motion to Dismiss Complaint ("Mot.," ECF No. 4). Also before the Court is Plaintiff SOR Technology, LLC's Response in Opposition to ("Opp'n," ECF No. 12) and Defendants' Reply in Support of ("Reply," ECF No. 13) the Motion. After reviewing the Parties' arguments and the law, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

  Plaintiff SOR Technology, LLC is a California limited liability company that provides "membership and closed user group programs around the world" with a "technology and fulfillment service" that delivers "discounted travel offerings and related membership services." ECF No. 1 ("Compl.") ¶ 2.

///

Defendant MWR Life, LLC is a limited liability company doing business in Florida that is "engaged in the sale of travel programs." *Id.* ¶ 3. Defendant Jonathon "Yoni" Ashurov is the CEO of MWR Life and lives and works in Florida. *Id.*

On February 3, 2017, the Parties entered into a written Technology and Services Agreement (the "Agreement"). *Id.* ¶ 10. Under the Agreement, Plaintiff was to create a website for Defendant MWR Life that looked and functioned similar to Plaintiff's own website. *Id.* ¶¶ 10–11. Plaintiff also was to incorporate into the website its proprietary software, which included a reservation system and credit card payment capability. *Id.* Plaintiff alleges it "invested substantial time, skill[,] and resources into the creation of [its own] website, which . . . provided the template for [Defendant] MWR's . . . website." *Id.* ¶ 12.

Plaintiff alleges that sometime in August of 2018, it discovered that Defendant MWR Life had "reproduced, distributed, and/or otherwise copied a substantial portion of the copyrighted elements of [its] [w]ebsite . . . without [its] authorization . . . ." *Id.* ¶ 15. Plaintiff further alleges Defendant MWR Life owes it $86,383.47 for the development of the website and that the payment is overdue in breach of the Agreement. *Id.* ¶ 38–39.

On September 6, 2018, Plaintiff sent a notice to Defendants requesting mediation. *Id.* ¶ 13. Under the Agreement, the Parties are required to "attempt to resolve [any] dispute in good faith through mediation" before filing a lawsuit. *Id.* Plaintiff alleges that it requested Defendants agree on a date and specific mediator multiple times, but Defendants "refus[ed] to cooperate in good faith with [Plaintiff] to resolve any dispute through mediation." *Id.*

Plaintiff sued Defendants on October 12, 2018, bringing claims for (1) copyright infringement under 17 U.S.C. §§ 106, 501; (2) trade dress infringement under 15 U.S.C. § 1125(a); (3) aiding and abetting copyright and trade dress infringement; (4) breach of contract for non-payment; and (5) breach of contract for failure of obligations under the Agreement. *See generally id.* Defendants then filed the instant Motion. *See generally* Mot.

# LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678.

///

///

# ANALYSIS

Defendants argue the Court must dismiss Plaintiff's Complaint for several reasons, including failure to mediate before filing suit as required under the Parties' Agreement. Mot. at 7–12. The Court addresses this issue first and concludes that, because Plaintiff failed to satisfy the contractual prerequisite of mediating prior to filing suit, the Court must dismiss Plaintiff's Complaint.

## I. Incorporation by Reference

The Court must first determine what material it may properly consider. Defendants attach to their Motion the Agreement, *see* Declaration of Jonathon "Yoni" Ashurov ("Asurov Decl."), Ex. 14, ECF No. 4-2, and several pre-suit email communications regarding settlement and mediation. *See id.* Exs. 1–13. Plaintiff also attached the Agreement and additional emails to its Opposition. *See* Declaration of Stuart Clark in Support of Opposition to Defendants' Motion to Dismiss ("Clark Decl."), Exs. A–D, ECF No. 12-1.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* Under the incorporation-by-reference doctrine, "a defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). The Court may only consider those documents if the their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies on them." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998).

Addressing the Agreement first, the Court finds that Plaintiff's Complaint refers extensively to the Agreement. *See, e.g.*, Compl. ¶¶ 10–11, 13, 15, 37–48. The Court also

finds the Agreement forms the basis of Plaintiff's claims. And neither Party disputes the authenticity of the document—indeed, both Parties have attached a redacted copy to their briefs. *See* Clark Decl., Ex. A; Ashurov Decl., Ex. 14. The Court therefore incorporates by reference the Agreement.

Turning to the emails between counsel, the Court finds them inappropriate to incorporate by reference. Although Plaintiff alludes to the emails in its Complaint, *see* Compl. ¶ 13, Plaintiff did not "refer[] extensively" to the emails, nor did the emails "form[] the basis of . . . [P]laintiff's claim[s]." *See Ritchie*, 342 F.3d at 908. The Court therefore may not consider the emails for the purposes of this Motion under Rule 12(b)(6).

## II. Failure to Mediate

Neither party disputes that the Agreement requires the Parties to mediate before engaging in litigation. Section 20(b) of the Agreements states:

> Prior to filing a lawsuit, the Parties agree to attempt to resolve the dispute in good faith through mediation conducted by a mediator to be mutually selected. Mediation will be conducted in San Diego County, California, unless otherwise agreed to by the Parties in writing signed by both Parties. The [P]arties will share the costs of the mediator and mediation equally. Each [P]arty will cooperate fully and fairly with the mediator and will attempt to reach a mutually satisfactory compromise to the dispute within thirty (30) days after it is referred to the mediator.

Section 20(a) of the Agreement further provides that the Agreement "shall be construed in accordance with and governed by the laws of the State of California." Thus, "the [C]ourt analyzes this dispute . . . under California contract law, as dictated by the agreement." *Bellingham Marine Indus., Inc. v. Del Rey Fuel, LLC*, No. CV 12-05164 MMM (MANx), 2012 WL 12941958, at *2 n.16 (C.D. Cal. Oct. 19, 2012).

When a contract clause makes mediation a condition precedent to filing a lawsuit, "[f]ailure to mediate . . . warrants dismissal." *Delamater v. Anytime Fitness, Inc.*, 722 F. Supp. 2d 1168, 1180–81 (E.D. Cal. 2010) (quoting *Brosnan v. Dry Cleaning Station, Inc.*, No. C-08-2028 EDL, 2008 WL 2388392, at *1 (N.D. Cal. June 6, 2008)). "Consequently,

the [C]ourt must determine whether the complaint should be dismissed for failure to allege a necessary element of [P]laintiff's claims, i.e., mediation prior to the filing of the [C]omplaint." *Bellingham Marine Indus.*, 2012 WL 12941958, at *2.

Defendants argue that the Court must dismiss the Complaint because Plaintiff failed to comply with the mandatory mediation provision of the Agreement. Mot. at 10. Plaintiff does not dispute that the Parties did not mediate. *See generally* Opp'n. Instead, Plaintiff argues that (1) Defendants cannot enforce the provision because they breached the Agreement by not cooperating with Plaintiff's efforts to mediate in a timely manner, Opp'n at 9–13; and (2) not all of Plaintiff's claims in its Complaint arise under the Agreement and, thus, the mediation provision does not apply. Opp'n at 13–14. The Court finds both arguments unpersuasive.

First, the Court finds Plaintiff failed adequately to plead it completed, or was otherwise excused from, mediation prior to bringing this action. Despite Plaintiff's argument that Defendants "stonewalled and sabotaged [its] repeated mediation efforts," Opp'n at 7, the Complaint never states that Defendants actually refused to mediate. In fact, Plaintiff concedes that Defendants never indicated they were unwilling to mediate, merely that Defendants never "actually committed to mediate." *Id.* at 14 (emphasis omitted). By failing to plead completion of mediation prior to filing suit, Plaintiff fails to state a required aspect of its claims.

Plaintiff contends that it did not mediate because Defendants breached the Agreement which excused its obligation to mediate. Opp'n at 15–17. This is based on Plaintiff's argument that the Agreement contains a "time is of the essence clause," which, according to Plaintiff, Defendants breached by refusing to mediate in a timely manner. *Id.* Because of this alleged breach, Plaintiff argues Defendants cannot enforce the mediation provision against Plaintiff. *Id.* Section 20(b) of the Agreement states that "[e]ach party will cooperate fully and fairly with the mediator and will attempt to reach a mutually satisfactory compromise to the dispute within thirty (30) days after it is referred to the mediator." The plain meaning of this clause is that the thirty-day window to complete the

mediation begins only after the Parties actually refer the matter to the mediator, not when a party files notice requesting mediation. Indeed, Plaintiff concedes that "the Agreement does not specify a deadline for appointing the mediator." Opp'n at 15. Because the Parties had yet to refer the matter to a mediator, the thirty-day clock never began to tick. Plaintiff does not point to any other provision in the Agreement that would require the mediation to start within a specific time. The Court therefore will not impose a time limit the Parties never agreed upon in their contract.

Plaintiff similarly fails to plead Defendants waived their ability to enforce the mediation provision because of their delay in mediating. Nothing in the Complaint shows that Defendants intentionally relinquished their right to enforce the Agreement. *See City of Ukiah v. Fones*, 64 Cal. 2d 104, 108 (1966).

Second, Plaintiff fails to show the claims do not fall under the Agreement. Under California law, courts must read and interpret contracts as a whole, to the extent possible. *See* Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other"). Courts should strive to reconcile contradictory or inconsistent terms in a way that gives effect to the parties' intent. Cal. Civ. Code § 1652; *see also Fernandez v. K-M Indus. Holding Co., Inc.*, 646 F. Supp. 2d 1150, 1160 (N.D. Cal. 2009).

Section 20(b) of the Agreement does not state the applicable scope of claims covered under that provision. Section 20 of the Agreement does, however, contain other clauses that state the scope of those provisions. For example, Section 20(a) states that the Parties "hereby agree that *all actions to enforce this Agreement* may be brought in the federal or state courts located in San Diego County . . . ." (emphasis added). Section 20(c) states the Parties waive "any right . . . to a trial by jury with respect to *any litigation directly or indirectly arising out of, under or in connection with this [Agreement]*." (emphasis added). Finally, Section 20(d) states that there is no liability for any "special, indirect or consequential damages *arising out of or related to the subject matter of this [A]greement* . . . ." (emphasis added). Section 20(b) merely refers to a "lawsuit" being filed. The Court

will assume that the lawsuit referred to in Section 20(b) extends to the same scope as the lawsuits contemplated in other provisions in Section 20. To harmonize the slightly different language in the different provisions of Section 20, the Court interprets Section 20(b)'s scope to same extent as the provisions surrounding it, which reach any actions "arising out of or related to the Agreement."

The Ninth Circuit has held that the similar "language 'arising in connection with' reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (collecting cases broadly construing the language "arising out of or relating to this Agreement").

Here, there is no dispute that Plaintiff's fourth and fifth causes of action for breach of contract fall under the mediation requirement in the Agreement. Plaintiff argues that its first, second, and third causes of action for copyright infringement, trade dress infringement, and aiding and abetting do not arise out of or relate to the Agreement. Opp'n at 13–14. The Court disagrees. The copyright and trade dress claims both stem from the website and software Plaintiff created and permitted Defendants to use pursuant to the Agreement. The Court will need to determine whether Defendant copied aspects of the Website not allowed under the terms of the Agreement. And the aiding and abetting claim necessarily relies on a finding of infringement. Consequently, this dispute has "its origin or genesis" and a "significant relationship" to the Agreement. The Court therefore concludes that all of the causes of action arise from the Agreement and are subject to the mediation prerequisite to filing suit.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 4) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. The dismissal is without prejudice so that Plaintiff may refile its claims once it has fulfilled its obligation to mediate prior to filing suit. *See Salinas Valley Mem'l Healthcare Sys. v. Monterey*
///

*Peninsula Horticulture, Inc.*, No. 17-CV-07079-LHK, 2019 WL 2569545, at *7 (N.D. Cal. June 21, 2019).

**IT IS SO ORDERED.**

Dated: August 28, 2019

Hon. Janis L. Sammartino
United States District Judge